# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **MONUMENT PEAK VENTURES, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**HMD GLOBAL OY,**<br><br>    Defendant. | 2:18-cv-00521-RWS-RSP<br><br>**JURY TRIAL DEMANDED** |

## ANSWER OF DEFENDANT HMD GLOBAL OY

Defendant HMD Global Oy ("HMD") hereby answers the Complaint for Patent Infringement (D.I. 1) ("Complaint") filed by Plaintiff Monument Peak Ventures, LLC ("Plaintiff") as follows.

## GENERAL DENIAL

Unless specifically admitted below, HMD denies each and every allegation, claim, and prayer for relief contained in the Complaint.

## SPECIFIC ANSWERS AND DENIALS

With respect to the Complaint's specific allegations, claims, and prayers for relief in each correspondingly numbered paragraph, HMD responds as follows, based on information currently available to it and after a reasonable inquiry, reserving the right to amend:

1. HMD denies that it infringes any of U.S. Patent Nos. 7,683,962 ("the '962 patent"), 7,187,858 ("the '858 patent") and 7,859,588 ("the '588 patent") (collectively "the Asserted Patents"). To the extent this paragraph otherwise consists of conclusions of law, no response is required.

2. HMD denies that "On or about April 17, 2017, MPV, a technology licensing company, approached HMD to offer a license to MPV's Kodak portfolio." HMD otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations regarding Plaintiff and, on that basis, denies them.

3. Denied.

4. Denied.

5. Denied.

6. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

7. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

8. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

9. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

10. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

11. Denied.

12. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations regarding Plaintiff and, on that basis, denies them.

13. HMD admits that it is a Finnish corporation with current places of business at Bertel Jungin aukio 9, 02600, Espoo, Finland and Level 4, 4 Kingdom Street, Paddington Central, London W26BD. Otherwise, denied.

14. Admitted.

15. HMD denies that it infringes any of the Asserted Patents. For purposes of this action and Answer only, HMD does not dispute the Court's personal jurisdiction over HMD.

16. HMD denies that it infringes any of the Asserted Patents. For purposes of this action and Answer only, HMD does not contest Plaintiff's assertion of venue in the Eastern District of Texas. HMD otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

**PLAINTIFF'S COUNT ONE**

**(Infringement of U.S. Patent No. 7,683,962)**

17. HMD incorporates by reference its responses in paragraphs 1-16 above.

18. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations regarding Plaintiff and, on that basis, denies them.

19. HMD admits that the '962 patent was issued by the United States Patent and Trademark Office on March 23, 2010, and is titled "Camera Using Multiple Lenses and Image Sensors in a Rangefinder Configuration to Provide a Range Map." HMD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

20. Denied.

21. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

22. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

23. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

24. Denied.

25. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

26. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

27. Denied.

28. Denied.

29. Denied.

30. Denied. To the extent this paragraph otherwise consists of conclusions of law, no response is required.

31. Denied.

## PLAINTIFF'S COUNT TWO

### (Infringement of U.S. Patent No. 7,187,858)

32. HMD incorporates by reference its responses in paragraphs 1-16 above.

33. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations regarding Plaintiff and, on that basis, denies them.

34. HMD admits that the '858 patent was issued by the United States Patent and Trademark Office on March 6, 2007 and is titled "Camera and Method for Operating a Camera Based Upon Available Power in a Supply." HMD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

35. Denied.

36. Denied.

37. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

38. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

39. Denied.

40. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

41. Denied.

42. Denied.

43. Denied.

44. Denied. To the extent this paragraph otherwise consists of conclusions of law, no response is required.

45. Denied.

## PLAINTIFF'S COUNT THREE

### (Infringement of U.S. Patent No. 7,859,588)

46. HMD incorporates by reference its responses in paragraphs 1-16 above.

47. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations regarding Plaintiff and, on that basis, denies them.

48. HMD admits that the '588 patent was issued by the United States Patent and Trademark Office on December 28, 2010, and is titled "Method and Apparatus for Operating a Dual Lens Camera to Augment an Image." HMD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

49. Denied.

50. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

51. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

52. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

53. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

54. HMD denies this paragraph as nonsensical at least for the phrase "unleash new, create options." Otherwise, denied.

55. HMD denies this paragraph as nonsensical at least for the phrases "Accused Infringing Devices refocus (or Bokeh) analyzes" and "to enable bokeh editor to refocus operations." Otherwise, denied.

56. Denied.

57. As best understood, HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied. To the extent this paragraph otherwise consists of conclusions of law, no response is required.

63. Denied.

**PLAINTIFF'S PRAYER FOR RELIEF**

Having responded to the allegations in the Complaint as set forth above, HMD denies that Plaintiff is entitled to any relief requested in its Prayer for Relief.

**DEMAND FOR JURY TRIAL**

No response is required to Plaintiff's demand for a trial by jury, but Pursuant to Fed. R. Civ. P. 38(b), HMD hereby demands a trial by jury on all issues raised by the Complaint which are properly triable to a jury, including without limitation HMD's defenses.

**DEFENSES**

Subject to the responses above, HMD alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, HMD specifically reserves all rights to allege additional defenses that become known through the course of discovery.

**First Defense – No Infringement of U.S. Patent No. 7,683,962**

1. HMD does not infringe and has not infringed, either literally or under the doctrine of equivalents, by direct, contributory or induced infringement, any valid and enforceable claim of U.S. Patent No. 7,683,962.

**Second Defense – No Infringement of U.S. Patent No. 7,187,858**

2. HMD does not infringe and has not infringed, either literally or under the doctrine of equivalents, by direct, contributory or induced infringement, any valid and enforceable claim of U.S. Patent No. 7,187,858.

**Third Defense – No Infringement of U.S. Patent No. 7,859,588**

3. HMD does not infringe and has not infringed, either literally or under the doctrine of equivalents, by direct, contributory or induced infringement, any valid and enforceable claim of U.S. Patent No. 7,859,588.

**Fourth Defense – Invalidity and Unenforceability of U.S. Patent No. 7,683,962**

4. Each asserted claim of U.S. Patent No. 7,683,962 is invalid, unenforceable, and/or directed to unpatentable subject matter for failure to satisfy one or more of the conditions of patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, 112, and those associated with the judicially-created prohibition against obviousness-type double patenting.

**Fifth Defense – Invalidity and Unenforceability of U.S. Patent No. 7,187,858**

5. Each asserted claim of U.S. Patent No. 7,199,821 is invalid, unenforceable, and/or directed to unpatentable subject matter for failure to satisfy one or more of the conditions of patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, 112, and those associated with the judicially-created prohibition against obviousness-type double patenting.

**Sixth Defense – Invalidity and Unenforceability of U.S. Patent No. 7,859,588**

6. Each asserted claim of U.S. Patent No. 7,551,209 is invalid, unenforceable, and/or directed to unpatentable subject matter for failure to satisfy one or more of the conditions of

patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, 112, and those associated with the judicially-created prohibition against obviousness-type double patenting.

## **Seventh Defense – Estoppel and Equitable Relief**

7. Because of statements and/or representations made to and by the U.S. Patent and Trademark Office while prosecuting the patents identified in the complaint, Plaintiff's claims for relief are barred by one or more of the doctrines of judicial estoppel, agency estoppel, prosecution history estoppel, waiver, acquiescence, and/or unclean hands. HMD will identify such statements under the contention schedule set forth in this District.

## **Eighth Defense – Limitation on Patent Damages**

8. Plaintiff's claims for damages against HMD are limited by 35 U.S.C. §§ 286, 287 and/or 288.

## **Ninth Defense – Lack of Diligence**

9. Plaintiff has failed to conduct sufficient diligence under Fed. R. Civ. P. 11 to establish evidentiary support for its allegations, including but not limited to its allegations that the accused products "select a sensor output from one of the imaging stages . . . as the captured image signal," "allow[] the processor to assign each of the cameras different focal points to capture a third and fourth image to capture varying focus and depth information," and "prevent[] the image capture system from performing all of the operations in the set of image capture operations . . . when the voltage level signal indicates that there is power available in the power supply to perform only some of the operations from the full set of image capture operations available when there is sufficient power."

## **Tenth Defense – License**

10. Plaintiff's accusations of infringement involve one or more third-party components which on information and belief may be licensed to one or more of the Asserted Patents.

## Eleventh Defense - Exhaustion

11. On information and belief, Plaintiff's alleged patent rights in one or more products identified in the Complaint may have been exhausted prior to HMD's accused acts.

## HMD'S PRAYER FOR RELIEF

WHEREFORE, HMD respectfully requests that the Court enter an Order and Judgment against Plaintiff as follows:

A. A dismissal with prejudice of Plaintiff's action against HMD;

B. A denial of any and all relief sought by Plaintiff;

C. A declaration that HMD does not infringe and has not infringed, either literally or under the doctrine of equivalents, by direct, contributory or induced infringement, each and every valid and enforceable claim of U.S. Patent Nos. 7,683,962; 7,187,858; and 7,859,588;

D. A declaration that the claims of U.S. Patent Nos. 7,683,962; 7,187,858; and 7,859,588 are invalid and/or unenforceable;

E. A judgment limiting or barring Plaintiff's ability to enforce in equity U.S. Patent Nos. 7,683,962; 7,187,858; and 7,859,588;

F. A judgment that Plaintiff failed to conduct sufficient diligence under Fed. R. Civ. P. 11 before bringing its Complaint;

G. A judgment that Plaintiff's case against HMD is exceptional under 35 U.S.C. § 285;

H. An award to HMD of its attorneys' fees and costs incurred in connection with this action;

I. An injunction barring Plaintiff, its agents, attorneys, affiliates, and all persons acting on behalf or in concert with Plaintiff from alleging that HMD infringes any claim of U.S. Patent Nos. 7,683,962; 7,187,858; and 7,859,588; and

J. Such other and further relief as the Court deems just and proper.

Dated: March 19, 2019                                  Respectfully submitted,

                                                */s/ William J. McCabe*
JOHN D. PENN, Bar No. 15752300
JPenn@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
Phone: (214) 965-7700
Fax: (214) 965-7799

WILLIAM J. MCCABE
WMcCabe@PerkinsCoie.com
MATTHEW J. MOFFA
MMoffa@PerkinsCoie.com
PERKINS COIE LLP
30 Rockefeller Plaza, 22nd Floor
New York, New York 10112-0085
Phone: (212) 262-6900
Fax: (212) 977-1649

*Attorneys for Defendant HMD Global Oy*

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 19, 2019.

                                                */s/ William J. McCabe*
                                                William J. McCabe